# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

GINNY BLANKENSHIP,

                Plaintiff,

v.                                            CIVIL ACTION NO. 3:19-0372

ANDREW JORDAN, an individual and
ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,
an insurance company,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Allstate Property and Casualty Insurance Company's ("Allstate") Motion to Bifurcate and Stay trial and discovery of Plaintiff's claims arising under the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-4(9). *See Mot. to Bifurcate and Stay*, ECF. No. 9. Plaintiff timely filed a Response in opposition to Defendant Allstate's Motion to Bifurcate and Stay discovery, though stipulating to separate trials. *See Pl.'s Resp. to Mot. to Bifurcate and Stay*, ECF No. 12. In consideration of this stipulation, the portion of Defendant Allstate's Motion addressing separate trials is **GRANTED.** However, Defendant Allstate's Motion to Bifurcate and Stay discovery is **DENIED** for the reasons explained below.

## I. BACKGROUND

On April 12, 2018, Plaintiff Ginny Blankenship and Defendant Andrew Jordan ("Jordan") were involved in an automobile collision while traveling west on Route 34 in Putnam County, West Virginia. *Compl.*, ECF No. 1-1, at 2. Plaintiff sustained significant injuries in the collision, and subsequently recovered the $25,000 policy limit of Defendant Jordan's liability insurance on

January 29, 2019. *See Ex. 2*, ECF No. 12-2. Two days later, Plaintiff advised her own insurance carrier—Defendant Allstate—of her settlement with Defendant Jordan's insurer. *Ex. 3*, ECF No. 12-3, at 1–2. Plaintiff demanded her policy limit of $25,000 in underinsured motorist coverage. *Ex. 4,* ECF No. 12-4, at 1–3. Defendant Allstate denied Plaintiff's demand for payment, concluding that "she was made whole by the tort carrier's settlement." *Ex. 5*, ECF No. 12-5.

Plaintiff subsequently filed suit against Defendants Jordan and Allstate in the Circuit Court of Putnam County. *See Compl.*, at 1. In Count I of her Complaint, Plaintiff asserted negligence claims against Defendant Jordan. *Id.* at 2–3. In Count II, Plaintiff raised claims of unfair settlement practices and bad faith arising under the West Virginia Unfair Trade Practices Act against Defendant Allstate. *Id.* at 3–5. On May 1, 2019, the Circuit Court dismissed Plaintiff's claims against Defendant Jordan pursuant to an earlier settlement agreement with Jordan and his insurance carrier. *Partial Dismissal Order*, ECF No. 1-1, at 1. The court nevertheless permitted the case against Defendant Jordan to "proceed . . . in name only so that Plaintiff [could] pursue underinsured motorist claim(s) for the accident . . . ." *Id*. Defendant Allstate subsequently elected to defend Count I of Plaintiff's Complaint. *Mot. to Bifurcate and Stay*, at 1. On May 10, 2019, Defendant Allstate timely removed the case to this Court. *See Def.'s Notice of Removal*, ECF No. 1.

On July 11, 2019, Defendant Allstate filed a Motion to Bifurcate and Stay Count II of Plaintiff's Complaint "for discovery and trial." *Mot. to Bifurcate and Stay*, at 1. In her Response filed on July 19, 2019, Plaintiff stipulated to separate trials on Counts I and II of her Complaint. *See Pl.'s Resp. to Mot. to Bifurcate and Stay*, at 1. As there is no remaining dispute with respect to bifurcating trial proceedings, this portion of Defendant Allstate's Motion is granted. The Court will address the parties' remaining arguments over discovery below.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court may bifurcate an action "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts have wide discretion in determining whether to bifurcate and stay discovery with respect to certain claims or causes of action. *See* Syl. Pt. 3, *Light v. Allstate Ins. Co.*, 506 S.E.2d 64, 65 (W. Va. 1998) ("Trial courts have discretion in determining whether to stay discovery in a first-party bad faith claim against an insurer . . . .").

Even where a court has bifurcated and stayed a particular claim for trial—as this Court has ordered with respect to Count II of Plaintiff's Complaint—it may still decline to order bifurcation of discovery. *Id.* at 75. Indeed, while "bifurcation is not unusual, it is the exception rather than the rule." *Sheppard v. Direct Gen. Ins. Co.*, No. 3:16-11418, 2017 WL 11249431, at *1 (S.D.W. Va. June 19, 2017) (quoting *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001)). The party seeking to bifurcate and stay discovery assumes the burden of proof on the issue. *Light,* 506 S.E.2d at 72.

## III. DISCUSSION

Defendant Allstate advances two arguments in favor of bifurcating and staying discovery: first, that West Virginia Code § 33-6-1(d) would be rendered meaningless if unitary discovery is permitted, and in the alternative, that the factors enunciated by the West Virginia Supreme Court in *Light v. Allstate Insurance Company*, 506 S.E.2d at 72, weigh in its favor. The Court disagrees with both arguments.

### A. W. Va. Code § 33-6-31(d)

First, Defendant Allstate argues that "[t]he factors discussed in *Light* that favored combined discovery there simply do not apply in this case." *Mem. in Support of Mot. to Bifurcate and Stay*,

ECF No. 10, at 12. Defendant Allstate bases its argument on West Virginia Code § 33-6-1(d), which it contends precludes a court from forcing an insurer to "submit to discovery regarding its defense while . . . underlying claims are still being litigated." *Id.* at 14. Defendant Allstate suggests that "[a]llowing discovery of the insurer's claim file under such circumstances will allow a claimant to obtain information regarding the insurer's evaluation of the claim, and anticipated defenses and strategies which would never be subject to discovery if a liability insurer were defending the claim." *Id.* at 13. Put more simply, Defendant Allstate believes that allowing unitary discovery would render West Virginia Code § 33-6-1(d) inoperative. The Court disagrees.

In relevant part, West Virginia Code § 33-6-1(d) provides that:

> Any insured intending to rely on the coverage required by subsection (b) of this section shall, if any action be instituted against the owner or operator of an uninsured or underinsured motor vehicle, cause a copy of the summons and a copy of the complaint to be served upon the insurance company issuing the policy, in the manner prescribed by law, as though such insurance company were a named party defendant; *such company shall thereafter have the right to file pleadings and to take other action allowable by law in the name of the owner, or operator, or both, of the uninsured or underinsured motor vehicle or in its own name.*

W. Va. Code § 33-6-1(d) (emphasis added). The purpose of West Virginia Code § 33-6-1(d) "is to protect an uninsured/underinsured insurance carrier from having a judgment entered against the uninsured/underinsured tortfeasor without the carrier having an opportunity to defend the suit." *Beane v. Horace Mann Ins. Co.*, No. 2:07-0017, 2007 WL 1009916, at *2 (S.D.W. Va. Mar. 30, 2007). Here, there is no dispute over whether Defendant Allstate has the right to raise a defense in Defendant Jordan's name. To the contrary, the Circuit Court of Putnam County ensured that the case would continue against Defendant Jordan in name only "so that Plaintiff can pursue underinsured motorist claim(s) for the accident . . . ." *Partial Dismissal Order*, at 1. Defendant Allstate has elected to defend those claims in Defendant Jordan's name, and will be permitted to do so in a separate trial.

Nevertheless, Defendant Allstate argues that "undue prejudice" will result if unitary discovery continues. *Mem. in Support of Mot. to Bifurcate and Stay*, at 11. Defendant Allstate appears principally concerned that Plaintiff will have access to its defense strategy during discovery while her underlying tort claims are still being litigated, and that this access vitiates its right to defend against those tort claims under Section 33-6-1(d). *Id.* at 14. While sympathetic to these concerns, the Court will not take a hatchet to discovery where a scalpel will do. As unitary discovery only implicates a narrow category of potentially prejudicial material, access to such material should be restricted by raising specific conflicts with the Magistrate Judge as discovery continues. Therefore, while the Court leaves open the possibility that certain portions of otherwise discoverable information may be restricted while Plaintiff's tort claims await resolution, it remains unconvinced that Section 33-6-1(d) should have any effect on a court's decision to bifurcate and stay discovery.

Finally, Defendant Allstate offers no real support for the idea that Section 33-6-1(d) renders the *Light* factors inapplicable. Attempting to distinguish the facts of *Light* from the instant case is an unsatisfactory rationale for departing from the test that district courts in West Virginia routinely use to determine whether bifurcation is appropriate. *See, e.g., Sheppard* 2017 WL 11249431, at *1 (citing *Chaffin v. Watford*, No 3:08-cv-0791, 2009 WL 772916, at *1 (S.D.W. Va. Mar. 18, 2009); *Holley v. Allstate Ins. Co.*, No 3:08-cv-01413 (S.D.W. Va. Feb. 12, 2009); *Tustin v. Motorists Mut. Ins. Co.*, No. 5:08CV111, 2008 WL 5377835 (N.D.W. Va. Dec. 22, 2008)) (noting "three recent decisions . . . by federal district courts in West Virginia" that had applied the *Light* factors to motions to bifurcate and stay discovery). This is particularly insufficient where, as here, no alleged factual distinction has any bearing on the *Light* factors themselves. Accordingly, the Court will turn to a consideration of the *Light* factors as applied to this case.

**B. *Light* Factors**

While Defendant Allstate argues that the *Light* factors are inapplicable, in the alternative it argues that "[t]he enumerated factors in *Light* weigh in favor of bifurcation." *Reply to Resp. to Mot. to Bifurcate and Stay,* at 2. These factors are:

> (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery.

*Light,* 506 S.E.2d at 72. The party seeking to bifurcate and stay discovery—in this case, Defendant Allstate—assumes the burden of proof on each factor. *Id*. Here, all but the fifth factor weigh in favor of continuing unitary discovery.

To begin, the small number of parties involved in the instant case counsels in favor of unitary discovery. *See, e.g.*, *Scarberry v. Huffman*, No. 3:10-0831, 2010 WL 4068923, at *2 (S.D.W. Va. Oct. 15, 2010) (citing the lack of an "inordinate number of parties" before denying motion to bifurcate and stay discovery). Defendant Allstate argues the opposite, claiming that the small number of parties will make it possible to "regroup quickly to discover the extra-contractual claims." *Def.'s Reply to Resp. to Mot. to Bifurcate and Stay*, ECF No. 13, at 2. Precedent belies this reasoning, as courts have consistently concluded that the lack of any unusual number of parties weighs against bifurcation. *See, e.g., Scarberry*, 2010 WL 4068923, at *2; *Tustin*, 2008 WL 5377835, at *3 (noting that "[o]nly two parties are involved in the case" before denying a motion to bifurcate and stay discovery).

Second, Defendant Allstate concedes that "the case is not complex." *Def.'s Reply to Resp. to Mot. to Bifurcate and Stay*, at 2. Indeed, as in earlier cases in which courts have decided against bifurcation, "Plaintiff has brought a commonplace first-party insurance claim." *Sheppard*, 2017

WL 11249431, at *2. While Allstate goes on to argue that simultaneous discovery would "allow a claimant to obtain information regarding the insurer's mental impressions and evaluation of the underlying [underinsured motorist] claim," this reasoning is completely inapplicable to the second *Light* factor. *Def.'s Reply to Resp. to Mot. to Bifurcate and Stay*, at 3.

Third, Plaintiff will be unduly prejudiced by a stay of discovery. As Plaintiff notes, duplicative discovery will likely result in increased costs and delays. *Pl.'s Resp. to Mot. to Bifurcate and Stay*, at 4. Such costs and delays are strong evidence that an insured will be unduly prejudiced by bifurcated discovery. *See Tustin*, 2008 WL 5377835, at *3 ("[A]s the insured, [Plaintiff] is likely to be unduly prejudiced by the delay and costs involved if she is unable to proceed with discovery on her claims . . . ."). Defendant Allstate contends that unitary discovery will be unduly prejudicial to Defendants rather than Plaintiff, noting that "Plaintiff fails to explain how Allstate can get a fair trial if the extra-contractual claims are not bifurcated and stayed." *Def.'s Reply to Resp. to Mot. to Bifurcate and Stay*, at 2. Once again, this argument is inapposite. The third *Light* factor—"whether undue prejudice would result to the insured if discovery is stayed"—is a narrow test that focuses specifically on any undue prejudice borne by *an insured*, not an insurer. *See Light*, 506 S.E.2d at 65.

Fourth, it is possible that a single jury will hear both claims in bifurcated proceedings. If discovery were bifurcated and stayed, however, two juries would be required to allow time for Plaintiff to complete discovery on the claims outlined in Count II of her Complaint. As such, this factor also weighs in favor of continuing unitary discovery.

Fifth, partial discovery on Plaintiff's extra-contractual claims is likely feasible; as such, this factor weighs in Defendant Allstate's favor. Nevertheless, partial discovery is less practical than permitting "unitary discovery in order to prevent deposing witnesses twice" and to avoid other

redundancies. *Wilkinson v. Mut. of Omaha Ins. Co.*, No. 2:13-cv-09356, 2014 WL 880876, at *3 (S.D.W. Va. 2014 Mar. 6, 2014).

Finally, bifurcating and staying discovery will place a greater burden on this Court than would continuing with unitary discovery. *See, e.g., Tustin*, 2008 WL 5377835, at *3. Defendant Allstate admits as much, conceding that "it is possible a burden could be imposed upon the court with a stay of the extra-contractual claims." *Def.'s Reply to Resp. to Mot. to Bifurcate and Stay*, at 4. Defendant Allstate attempts to counter this likelihood by arguing that "it is just as likely that the second part of the case will not need to proceed." *Id.* While certainly a possibility, "[n]early every case that comes before the Court has a threshold issue that upon resolution in one or the other parties' favor might obviate other claims." *Sheppard*, 2017 WL 11249431, at *2. "The proponent of bifurcation must show more than the ordinary to convince the Court to disrupt the customary course of litigation," and Defendants have failed to make that showing in the instant case. *Id.* As such, the *Light* factors weigh heavily against bifurcation.

## IV. CONCLUSION

For the foregoing reasons, Defendant Allstate's Motion to Bifurcate and Stay (ECF No. 9) the trial of Plaintiff's claims arising under the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-4(9), is **GRANTED.** Defendant Allstate's Motion to Bifurcate and Stay (ECF No. 9) discovery on these same claims is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 3, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE